Application of Anastasios VASSILIOU and Verna K. Vassiliou, his wife, for a Writ of Habeas Corpus, Petitioners-Appellants,

v.

DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION SERVICE, El Paso, Texas, Respondent-Appellee.

No. 71-1759.

United States Court of Appeals, Tenth Circuit.

June 16, 1972.

Phillip D. Baiamonte, Albuquerque, N. M., for petitioners-appellants.

Victor R. Ortega, U. S. Atty., W. R. Hughes, Jr., Asst. U. S. Atty., Albuquerque, N. M., and William E. Weinert, Immigration and Naturalization Service, El Paso, Tex., for respondent-appellee.

Before HILL and SETH, Circuit Judges, and BRATTON, District Judge.

HILL, Circuit Judge.

This is an appeal from denial by the United States District Court for the District of New Mexico of habeas corpus relief sought by appellants. The habeas corpus petition alleged a decision made by the Immigration and Naturalization Service (Service) was arbitrary and capricious. Appellants argue the Service should be estopped because the decision was contrary to previously established policy. The reliefs sought were reinstatement of the voluntary departure or-

der, or, in lieu of that, stay of the presently valid order of deportation.

Anastasios Vassiliou, a native and citizen of Greece, arrived in the United States on May 31, 1969, as a crewman on a merchant ship. He was admitted to the United States on a temporary basis, but stayed past the period allowed. Vassiliou married an American citizen on December 30, 1969. His wife then filed a visa petition on his behalf on April 22, 1970, seeking a visa for Vassiliou to enter the United States legally under immediate relative status as her husband. The visa application was approved on August 25, 1970, and forwarded to the American Consulate in Calgary, Alberta, Canada. The procedure would then have been for Vassiliou to go to Canada, apply for admission to the United States as an immediate relative, then re-enter this country under the previously approved visa. On November 19, 1970, however, Mrs. Vassiliou withdrew her petition for Vassiliou's visa indicating there were marital difficulties, and stating that she was contemplating divorce. The visa application was automatically revoked.

On December 10, 1970, an order to show cause and notice of hearing on Vassiliou's deportability was issued. On December 11, 1970, Mrs. Vassiliou filed another statement in which she indicated there had been reconciliation between herself and Vassiliou; that she was no longer contemplating divorce; and that she requested the visa application for her husband be resubmitted. At the deportation hearing on January 20, 1971, Vassiliou admitted his deportability, but requested and was granted the privilege of voluntary departure to allow him to go to Canada, then to re-enter on the visa. The resubmitted petition for a visa had not, however, been approved at the time of the hearing, and the only way Vassiliou would be allowed to go to Canada was if there were a previously approved visa at the American Consulate there. Vassiliou would then be given permission to enter Canada, obtain the visa and return to the United States. Without the visa at the American Consulate, however, he could not enter Canada. Vassiliou was granted a voluntary departure privilege to February 20, 1971, in lieu of an order of deportation.

Vassiliou did not voluntarily leave the United States, and he was notified on February 23, 1971, that he would be deported unless he departed immediately. On February 25, 1971, the voluntary departure privilege was extended to March 29, 1971, upon the request of a United States senator. Vassiliou did not leave within the extended period, and on April 12, 1971, he was again ordered to depart immediately or face deportation. A warrant for his deportation was issued on April 19, 1971, and he was notified to report for deportation on April 27, 1971. Vassiliou did not report for deportation as ordered.

On May 4, 1971, Vassiliou moved to reopen and reconsider his deportation to Greece indicating anticipated persecution upon his return to Greece, a basis for withholding deportation under 8 U.S.C. § 1253(h). The motion to reopen the deportation proceeding was granted on May 7, 1971, and a hearing was held on August 31, 1971. At the hearing, the relief requested in reliance on 8 U.S.C. § 1253(h) was abandoned, and a request for voluntary departure was made. The hearing disclosed that Vassiliou's marriage to his first wife had been declared void; that he had married his second wife, the co-appellant, on May 3, 1971; and that she had submitted a visa petition for Vassiliou on June 16, 1971. At the time of the hearing, the visa petition had still not been approved. In lieu of deportation, Vassiliou was granted the voluntary departure privilege until September 17, 1971. He failed to voluntarily depart, and on September 21, 1971, he was ordered to report for deportation by October 1, 1971. On September 28, 1971, notice was received that the visa petition had been approved and forwarded to the United States Consulate at Calgary, Alberta, Canada. The Service, on October 1, 1971, extended Vassiliou's date for voluntary departure to October

6, 1971. He failed again to voluntarily depart, and on October 7, 1971, a warrant for deportation was issued. Appellants then filed the petition for habeas corpus which forms the basis of this appeal.

Appellants contend the Service acted arbitrarily and capriciously in denying Vassiliou additional time in which to comply with the voluntary departure privilege. They contend this refusal was contrary to the long-standing policy of the Service of granting extension during the period of application for an immigrant visa. Appellants also maintain the Special Inquiry Officer intended that Vassiliou be granted sufficient time to complete the application for an immigrant visa, travel to Calgary, Canada, and return. They assert this attitude was suddenly changed when no further extensions of the voluntary departure privilege were made and the deportation proceeding was commenced.

Our review is limited by 8 U.S.C. § 1105a(a) (4) to consideration of the administrative record upon which the deportation order is based.[1] The granting of the privilege of voluntary departure is a matter within the discretion of the Attorney General.[2] Our review of the exercise of discretion by an immigration official "is limited to insuring that this discretion is not abused, and that petitioner has been afforded a full and fair hearing that comports with due process." Pilapil v. Immigration and Naturalization Serv., 424 F.2d 6, 9. Our review of the facts and record discloses repeated occasions when the privilege of voluntary departure was extended to Vassiliou. The decision of the Service to institute deportation proceedings was not a sudden change in the long-standing policy of granting the voluntary departure privilege as would constitute arbitrary and capricious agency action. Nor does our reading of the administrative record disclose what appellants contend was the immigration officer's intention that the voluntary departure privilege be extended indefinitely, which would require estoppel of the government. Our review discloses no abuse of discretion by the Service in its decision to institute deportation proceedings.

Affirmed.

---

1. Pilapil v. Immigration and Naturalization Serv., 424 F.2d 6 (10th Cir. 1970), cert. denied, 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147.

