**Ardauan Amir MOTAMEDI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 81–2345.**

United States Court of Appeals,
Tenth Circuit.

July 25, 1983.

Harry J. Joe of Joe & Allen, Dallas, Tex. (Turner O. Primrose, Norman, Okl., with him on brief), for petitioner.

James A. Hunolt, U.S. Dept. of Justice, Washington, D.C. (Lauri Steven Filppu and Allen W. Hausman, U.S. Dept. of Justice, Washington, D.C., with him on brief), for respondent.

Before HOLLOWAY, McWILLIAMS and BREITENSTEIN, Circuit Judges.

McWILLIAMS, Circuit Judge.

Ardauan Amir Motamedi, a citizen and national of Iran, entered the United States as a nonimmigrant student on August 7, 1978. At the time of his entry, Motamedi was seventeen years of age and he was granted permission to attend high school in Stillwater, Oklahoma. After graduating from high school, Motamedi enrolled at Oklahoma State University, also in Stillwater, Oklahoma.

In an order to show cause, dated December 27, 1979, Motamedi was charged with being deportable for remaining in the United States longer than authorized, contrary to 8 U.S.C. § 1251(a)(2). After a deportation hearing held before an Immigration Judge on March 6, 1980, Motamedi was found to be deportable and was granted voluntary departure on or before May 30, 1980, to allow Motamedi to complete the then current semester of his schooling.

On March 13, 1980, Motamedi, through counsel, filed a notice of appeal from the order of the Immigration Judge to the Board of Immigration Appeals. That Board dismissed Motamedi's appeal on March 24, 1981. A warrant of deportation

and a notice for arrangement for departure were subsequently issued which called for Motamedi's departure for Iran on June 4, 1981.

On June 4, 1981, Motamedi, through counsel, filed a motion to reopen so that he might file for asylum, as permitted by 8 U.S.C. § 1158, or withholding of deportation, as permitted by 8 U.S.C. § 1253(h). Pending disposition of the motion to reopen, the Board granted a requested stay of deportation. Subsequently, on November 5, 1981, the Board, in a short written order, denied Motamedi's motion to reopen. Motamedi then filed in this Court a petition to review the Board's order denying his motion to reopen. Jurisdiction to hear such petition is based on the provisions of 8 U.S.C. § 1105a(a).

Motamedi and the Immigration and Naturalization Service agree that as concerns a motion to reopen, the Board has considerable discretion and that a decision not to reopen should not be reversed by the courts unless there be an abuse of that discretion. To decide whether the Board in the instant case abused its discretion requires an examination of the motion to reopen and the order of the Board denying the motion and setting forth its reasons therefor.

8 C.F.R. § 208.11 provides that an alien may request that a deportation proceeding be reopened on the basis of a request for asylum. Such regulation further provides that the request to reopen must "reasonably explain" the failure to request asylum prior to the conclusion of the deportation proceeding, and, if the alien fails to do so, the asylum claim may be considered frivolous and the motion to reopen may be denied by the Board.

As noted, the motion to reopen was filed some fifteen months after the deportation hearing. At the deportation hearing, Motamedi had admittedly overstayed and was apparently resigned to going back to Iran.

■ The gist of Motamedi's motion to reopen was that long subsequent to the deportation hearing, and, in fact, just prior to the filing of his motion, he had learned from his father in Iran that a brother and a cousin who had just returned to Iran had been persecuted by the Khomeini government for their anti-Khomeini activities while away from Iran. Motamedi, by affidavit, indicated that he had also participated in anti-Khomeini demonstrations while in the United States and that he feared persecution by the local authorities should he be returned to Iran.

The Board found that Motamedi had failed to provide a "reasonable explanation" for failing to assert his asylum claim at the deportation hearing held fifteen months prior to the filing of the motion to reopen. Such finding, in our view, is contrary to the record and constitutes an abuse of discretion. As indicated, the record before us clearly indicates that Motamedi's request for asylum was based on information which he did not have in his possession at the time of the deportation hearing, and did not thereafter acquire until some fifteen months later. For the Board to hold that Motamedi did not offer a reasonable explanation for failing to assert his claim for asylum at the deportation hearing flies in the face of the record.

8 C.F.R. § 3.8 provides that motions to reopen, in general, should "state the new facts to be proved." In this connection, the Board, in denying Motamedi's motion to reopen, also stated that the "new evidence" relied on by Motamedi in his motion was insufficient to justify the relief which Motamedi sought. In so holding, the Board was prejudging the merits of the case, without allowing Motamedi an opportunity to prove his case. Such, under the circumstances, also constitutes an abuse of discretion.

■ In reversing, we are fully aware that the Board has broad discretion in connection with motions to reopen deportation proceedings. *Immigration and Naturalization Service v. Wang,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981). *Wang* involved a motion to reopen deportation hearings on the basis of "extreme hardship," as provided for by 8 U.S.C. § 1254(a)(1), and the present case is not a carbon copy of *Wang.* Hence, we do not believe that *Wang* dictates an affirmance of the Board's order in the instant case. As

indicated, the Board's holding in the instant case that Motamedi did not offer a reasonable explanation for failing to assert his asylum claim at the deportation hearing finds no support in the record. And the "new evidence" set forth in Motamedi's motion is sufficient to call for a further hearing, and should not be rejected out of hand. The better approach, we believe, is that the Board consider Motamedi's new evidence on its merits. See *Reyes v. Immigration and Naturalization Service*, 673 F.2d 1087 (9th Cir.1982) and *Sida v. Immigration and Naturalization Service*, 665 F.2d 851 (9th Cir. 1981).

The Board's order denying Motamedi's motion to reopen is reversed, and the cause remanded with directions that the Board reopen the deportation proceedings.