Ramon BECERRA–JIMENEZ,
Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 86–2461.

United States Court of Appeals,
Tenth Circuit.

Sept. 22, 1987.

Philip M. Alterman, Denver, Colo., for petitioner.

Donald E. Keener (Richard K. Willard, Asst. Atty. Gen., Thomas W. Hussey, Asst. Director, Donald E. Keener, with him on brief), Office of Immigration Litigation, Civ. Div., Dept. of Justice, Washington, D.C., for respondent.

Before MOORE, BARRETT and TACHA, Circuit Judges.

BARRETT, Circuit Judge.

Ramon Becerra-Jimenez (Becerra) petitions for review of a decision of an Immigration Judge (IJ), affirmed on appeal by the Board of Immigration Appeals (BIA), finding him deportable under the Immigration and Naturalization Act (Act), 8 U.S.C. § 1251(a)(2),[1] and denying his request for a grant of voluntary departure under 8 U.S.C. § 1254(e).[2] Becerra has also filed a motion requesting that we stay this appeal and remand to the BIA for consideration of a motion which, according to Becerra, may render this appeal moot.

Becerra is a native of Mexico. In 1949, at the age of ten, Becerra entered the United States with his siblings as a lawful permanent resident. Most of Becerra's family currently resides in the United States including his four children, all of whom are United States citizens.

In 1958 Becerra was convicted of burglary and grand larceny and sentenced to nine months in prison. As a result of these convictions, Becerra was stripped of his lawful permanent resident status and deported in 1962. On February 6, 1974, Becerra reentered the United States without valid entry documentation. Thereafter, Be-

1. § 1251(a)(2) provides in part:
    (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who....
    \*   \*   \*   \*   \*   \*
    (2) entered the United States without inspection or at any time or place other than as designated by the Attorney General ...

2. § 1254(e) provides in part:

The Attorney General may, in his discretion, permit any alien under deportation proceedings ... to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been a person of good moral character for at least five years immediately preceeding his application for voluntary departure under this subsection.

cerra was deported a second time on May 21, 1975.

During June, 1975, Becerra reentered the United States by falsely claiming to be a United States citizen. Subsequent thereto, Becerra was tried and convicted of illegal entry and sentenced to six months imprisonment.[3] After serving his prison term, Becerra consented to voluntary deportation.

On November 26, 1976, Becerra again reentered the United States without inspection by falsely claiming to be a United States citizen. This entry is the basis of the present deportation proceedings. On February 17, 1982, Becerra pled guilty to menacing, a class 3 misdemeanor. He served thirty days in prison. As a result of Becerra's prison sentence, his deportation hearing, originally scheduled for February 19, 1982, was continued until April, 1982.

During the April 5, 1982, deportation hearing, Becerra, represented by counsel, requested discretionary relief in the form of a voluntary departure under § 1254(e) in lieu of deportation. After the hearing, the IJ found inter alia: Becerra was statutorily and regulatorily eligible for consideration of voluntary departure in lieu of deportation; the favorable factors in Becerra's case included his length of residence in the United States, his four children, all of whom are United States citizens, and that he has been the sole source of support of the children for the last two years; the adverse factors in Becerra's case included his immigration record and his conviction record. The IJ concluded by finding:

> The adverse factors in the case, the deportation, the reentry shortly after the deportation in 1975, the false claim to citizenship, which respondent has testified he made when entering the United States and the conviction record, Exhibit No. 2, I find outweigh the favorable factors of having United States citizen children and the residence in the United States and in the exercise of discretion

will deny the application for voluntary departure in lieu of deportation.

> Respondent has chosen to be sent to Mexico if ordered deported from the United States.

> ORDER: It is ordered that the respondent be deported from the United States to Mexico on the charge in the Order to Show Cause.

R., Vol. I at p. 000010–000011.

On August 20, 1986, the BIA affirmed the decision of the IJ in a per curiam order. Within its order, the BIA concluded:

> Deportability has been established by clear, unequivocal, and convincing evidence by the respondent's concessions at the hearing. Based upon the record before us, we agree with the immigration judge that the respondent has failed to sustain his burden of establishing that a grant of voluntary departure is warranted in his case, notwithstanding the equities presented and enumerated by the immigration judge, given his history of criminal law violations and his repeated violations of this country's immigration laws over the years. The appeal is dismissed.

R., Vol. I at p. 000002.

On October 3, 1986, Becerra filed this appeal. Thereafter, on May 11, 1987, and at a time when Becerra's appeal had been set for oral argument, Becerra filed a Motion to Remand this case to the BIA for consideration of his Motion to Reopen/Motion for Continuance filed with the BIA on the same date. In his brief filed in support of his motion to remand, Becerra argued that a remand was necessary so that the BIA could reevaluate his case "in light of several developments which occurred subsequent to the deportation hearing. These developments include the expungement of his criminal record, his father's attaining U.S. citizenship, and his fathering of another U.S. citizen child." (Petitioner's Reply Brief at p. 1.) On the same date, Becerra filed a motion requesting that we stay oral argument until we had acted on his motion

---

**3.** During 1975, Becerra was also charged with second degree assault for which he received a deferred sentence and was placed on probation.

for remand. Oral arguments were heard as scheduled.

On appeal, Becerra contends that: (1) he was statutorily eligible for voluntary departure; (2) the decision to deport him was an abuse of discretion which departed from precedents and policies of the INS; (3) the IJ made a serious error of fact; and (4) that the BIA abused its discretion in failing to articulate its basis for affirming the IJ's decision. During oral argument, Becerra, citing *Rogue-Carranza v. Immigration and Naturalization Service*, 778 F.2d 1373, 1374 (9th Cir.1985), also requested that we stay our mandate and remand the matter to the BIA for such time as may be necessary for the disposition of his motion by the BIA.

### I.

■■■ Becerra contends that he was statutorily eligible for voluntary departure and that the decision to deport him was an abuse of discretion. Voluntary departure is a privilege. *Villanueva-Franco v. INS*, 802 F.2d 327, 329 (9th Cir.1986). The granting of the privilege of voluntary departure to an alien in lieu of deportation is a matter of discretion with the attorney general. *Vassiliou v. District Director of Immigration and Naturalization Service*, 461 F.2d 1193, 1195 (10th Cir.1972); *Contreras-Aragon v. INS*, 789 F.2d 777, 779 (9th Cir.1986). In reviewing the denial of the discretionary relief of voluntary departure, "we only examine whether the discretion was actually exercised and whether it was exercised in an arbitrary and capricious manner." *Parcham v. INS*, 769 F.2d 1001, 1003 (4th Cir.1985). Applying these standards to the facts herein, we hold that the denial of voluntary departure to Becerra in lieu of deportation did not constitute an abuse of discretion.

In its order, the IJ initially acknowledged that Becerra "is statutorily and regulatorily eligible in this instance for consideration of voluntary departure in lieu of deportation." (R., Vol. I at p. 000009). The IJ then set forth the adverse factors weighing against voluntary departure in lieu of deportation:

The adverse factors in the case, of course, is the conviction record established by Exhibit No. 2 [menacing, class 3 misdemeanor] which is an adverse factor in the case. Other adverse factors in the case are the Immigration record which the respondent has readily admitted and testified to today. The deportation hearing in 1958 and 1962 will not be given any weight due to the long passage of time and I feel that as respondent was a lawful permanent resident and had been stripped of such permanent residence it would be considered to be more than punishment. However, since 1975 respondent has indicated that he had reentered the United States, was convicted and sent to La Tuna where he served approximately 6 months and subsequently was released and was the subject of a deportation hearing then. Within a week or shortly thereafter after being deported, returned to Mexico, and reentered on the false claim of United States citizenship in November of 1976. I realize that this is outside the five year period, however, I think it is important to consider the same because of the adverse nature as a false claim of United States citizenship, of course, is a felony and is a criminal offense.

R., Vol. I, p. 000010.

The denial of voluntary departure to Becerra in lieu of deportation was neither arbitrary nor capricious. Becerra's prior convictions, earlier deportations, and repeated reentry into the United States by falsely claiming to be a United States citizen strongly support the denial of voluntary departure.

### II.

Becerra contends that the IJ made a serious error of fact which led to an improper balancing of unfavorable factors and that the BIA abused its discretion in failing to articulate its basis for affirming the IJ.

### A.

■■ Becerra was convicted for illegal entry on August 12, 1976, and thereafter

served six months in prison. Upon release, Becerra consented to voluntary departure. Notwithstanding this evidence, Becerra contends that the IJ erroneously found that he (Becerra) was deported after serving his sentence.

While acknowledging that "[i]t is impossible to determine what effect this erroneous finding ... had on his decision to deny Becerra voluntary departure" (Petitioner's Brief on Appeal at p. 10), Becerra contends that the IJ made a serious error of fact which led to an improper balancing of unfavorable factors. We disagree.

Error, if present, was harmless. The deportation referenced by the IJ as an adverse factor occurred in 1975, and not 1976. (R., Vol. I at p. 000011). Furthermore, even assuming that the deportation referenced by the IJ as an adverse factor occurred in 1976 and related to Becerra's 1976 conviction, there is nothing in the record to substantiate Becerra's contention that the deportation was given "significant weight."

### B.

■ Becerra contends that the BIA abused its discretion in failing to articulate its basis for affirming the IJ. Becerra argues, citing *Hernandez-Ortiz v. INS*, 777 F.2d 509, 519 (9th Cir.1985), that the BIA must clearly articulate the factors it has considered when it denies any motion as a matter of discretion. In response, the INS argues, that under *Osuchukwu v. INS*, 744 F.2d 1136, 1143 (5th Cir.1984), and *Villanueva-Franco*, 802 F.2d 327, 330 (9th Cir. 1986), the BIA's order affirming the IJ was adequate and provided a proper and sufficient basis for review. We agree.

In *Osuchukwu*, the court noted:

It [BIA] has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.

744 F.2d at p. 1142–43.

Similarly, in *Villanueva-Franco*, the court, citing *Osuchukwu*, held:

Villanueva's contention that the Board abused its discretion in failing to provide a reasoned basis for its decision finds no support in the record. The Board set out its reasons for denying relief: it concluded that the favorable equities did not outweigh the extensive criminal record. Although we have required the Board to provide more than "[m]ere conclusory statements", *Dragon v. INS* 748 F.2d 1304, 1306 (9th Cir.1984), all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided. *See Osuchukwu v. INS* 744 F.2d 1136, 1142–43 (5th Cir.1984).

The BIA complied with both *Osuchukwu* and *Villanueva-Franco*. As set forth above, the BIA found that deportability was established by Becerra's concessions at the hearing and Becerra's "history of criminal law violations and his repeated violations of this country's immigration laws over the years." Also, the BIA found, as it did in *Villanueva-Franco*, that notwithstanding the favorable "equities presented and enumerated by the immigration judge," Becerra had failed to sustain his burden of establishing that a grant of voluntary departure was warranted.

### III.

■ On May 11, 1987, Becerra filed a motion pursuant to 28 U.S.C. § 2347(c)[4]

---

**4.** § 2347(c) provides:

If a party to a proceeding to review applies to the court of appeals in which the proceeding is pending for leave to adduce additional evidence and shows to the satisfaction of the court that—
    (1) the additional evidence is material; and
    (2) there were reasonable grounds for failure to adduce the evidence before the agency; the court may order the additional evidence and any counterevidence the opposite party desires to offer to be taken by the agency. The agency may modify its findings of fact, or make new findings, by reason of the additional evidence so taken, and may modify or set aside its order, and shall file the court the additional evidence, the modified findings or new findings, and the modified order or the order setting aside the original order.

requesting that we stay this appeal and remand to the BIA for consideration of his Motion to Reopen/Motion for Continuance. Becerra contends that the BIA's consideration of his pending motion could render this appeal moot.

In his Motion to Reopen/Motion for Continuance, Becerra alleged, inter alia, that: his case should be reopened in light of new evidence which was unavailable at the time of his hearing; the new evidence included the expungement of his 1958 burglary and grand larceny convictions and his 1983 class 3 misdemeanor conviction, his father obtaining United States citizenship, and his fathering of another United States citizen child; and that if his case was not reopened he should, in the alternative, receive a continuance to allow consideration of his two applications for permission to reapply for admission after deportation and his legalization application.

In response, the INS, citing to *Ramirez-Gonzales v. INS*, 695 F.2d 1208, 1213 (9th Cir.1983), argues that § 2347(c) is not applicable to appellate court review of INS deportation decisions. INS also cites *Rogue-Carranza v. INS*, 778 F.2d 1373, 1374, for the proposition that the Board is "vested with discretion to determine when a hearing should be reopened" and "we [appellate court] will not supersede this ordinary reopening procedure by compelling the BIA to reopen the hearing" citing *Ramirez-Gonzales.*

The Ninth Circuit decisions in *Rogue-Carranza* and *Ramirez-Gonzales*, however, appear to be the minority view regarding § 2347. *See Dolores v. INS*, 772 F.2d 223, 226 (6th Cir.1985) ("We find that Section 2347(c) is available on review of INS decisions."); *Young v. United States Department of Justice, INS*, 759 F.2d 450, 456 (5th Cir.1985), *cert. denied*, 474 U.S. 996, 106 S.Ct. 412, 88 L.Ed.2d 362 ("We are authorized by 28 U.S.C. § 2347(c) to order administrative agencies, including the Board of Immigration Appeals, to reopen proceedings...."); *Martinez de Mendoza v. INS*, 567 F.2d 1222, 1226 (3rd Cir.1977) ("We therefore conclude that the case should be remanded to the INS to receive

evidence ... as well as any other evidence which the INS desires to offer pursuant to 28 U.S.C. § 2347."). We adopt the position of the Sixth, Fifth, and Third Circuits and hold that § 2347(c) is available to this court to require the INS, upon remand, to reopen deportation proceedings.

Becerra's motion to remand clearly falls within the parameters of § 2347(c). The additional evidence of expungement of two prior convictions, his father obtaining citizenship, and his fathering of another United States citizen child, appears to be material, and was not available during his hearing. Under these circumstances, we hold that Becerra's case should be remanded to the BIA in accordance with § 2347(c).

INS also argues that the Act and regulations promulgated thereunder establish specialized detailed procedures for reopening deportation proceedings and that these detailed procedures preempt § 2347(c). INS cites to 8 C.F.R. § 3.2 as the specific procedures for reopening proceedings and that as such, it preempts § 2347(c) herein. We disagree. Section 3.2 provides in part:

The Board may on its own motion reopen or reconsider any case in which it has rendered a decision. Reopening or reconsideration of any case in which a decision has been made by the Board, whether requested by the Commissioner or any other duly authorized officer of the Service, or by the party affected by the decision, shall be only upon written motion to the Board. Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing....

Section 3.2 sets forth procedures for cases where the motion to reopen is initiated with the BIA. Unlike § 2347(c), however, it does not address proceedings to review in a matter pending before a court of appeals. Thus, § 3.2 cannot be construed to preempt § 2347(c) in a proceeding initiated, as here, in a court of appeals pending review. Further, it has been held that a reviewing court has the inherent

power to remand causes to administrative agencies for further proceedings to permit further evidence to be taken or additional findings to be made on essential points. *Ford Motor Co. v. Labor Board,* 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221 (1939).

Becerra's case is accordingly remanded to the BIA for such further proceedings as are necessary for the BIA's disposition of Becerra's motion in accordance with § 2347(c). In granting Becerra's motion to remand, we are mindful of the BIA's broad discretion in reviewing Becerra's Motion to Reopen/Motion for Continuance. *INS v. Rios-Pineda,* 471 U.S. 444, 449, 105 S.Ct. 2098, 2101–02, 85 L.Ed.2d 452 (1985). Furthermore, our review of the BIA's disposition of Becerra's motion shall be limited to whether there was an abuse of discretion. *Riasati v. INS,* 738 F.2d 1115, 1118 (10th Cir.1984); *Motamedi v. INS,* 713 F.2d 575 (10th Cir.1983); *Yahkpua v. INS,* 770 F.2d 1317, 1318 (5th Cir.1985). We will not disturb the BIA's ruling unless it has acted arbitrarily, irrationally, or contrary to law. *Israel v. INS,* 785 F.2d 738, 740 (9th Cir. 1986). Accordingly, our remand should not be interpreted in any manner as passing on the *bona fides* of Becerra's motion. Rather, our remand simply reflects our determination of the proper action to be pursued under § 2347(c).

Accordingly, the petition for review is DENIED and the decision of the BIA is AFFIRMED. The order of deportation shall be stayed for such further time as is necessary for the disposition of Becerra's motion filed with the BIA in accordance with § 2347(c).