978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Solichati SOLICHIN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9513.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Solichati Solichin ("Petitioner") appeals a final order of the Board of Immigration Appeals ("Board"), denying her application for suspension of deportation. The issue before us is whether substantial evidence supports the Board's decision that petitioner failed to prove "extreme hardship" if deported, as required by section 244(a)(1) of the Immigration and Naturalization Act, 8 U.S.C. § 1254(a)(1).[1] We affirm.
 
 
 3
 Petitioner, a twenty-five year old native of Indonesia, entered the United States in 1980 on a visitor's visa. Thereafter, she obtained a student visa, authorizing her to remain in the United States until June 1982. She lived with a great aunt in Denver, Colorado, forming a mother-daughter relationship with her, as well as forming close relationships with numerous extended family members, relatives, and friends here. Her mother and father and four siblings live in Indonesia. She married a United States citizen in 1985 and was divorced in 1987, without changing her residency status. She is employed as a salesperson.
 
 
 4
 In late 1987, the Immigration and Naturalization Service ("INS") issued an order to show cause why she should not be deported for having remained in the United States after expiration of her student visa. She admitted deportability, but requested suspension of deportation under section 244(a)(1), claiming that deportation would result in extreme hardship to her. After a hearing and review of numerous affidavits submitted on petitioner's behalf, the Immigration Judge ("IJ") denied petitioner's application for suspension of deportation, and granted her voluntary departure in lieu of an order of deportation. R. at 30-46.
 
 
 5
 The IJ acknowledged petitioner's claims of the depressed economy in Indonesia; the poverty in which her family in Indonesia lives, precluding financial support for her; and her "Americanization" in matters of language and culture. However, the IJ was not convinced that petitioner would suffer economic hardship, and held that, in any case, economic hardship alone does not support a claim of extreme hardship under the Board's decision in Matter of Anderson, 16 I. & N.Dec. 596 (BIA1978). R. at 38-39. The IJ noted that petitioner's immediate family is still in Indonesia and "refused" to find that petitioner's relationship with relatives here is closer than or primary to those with her family in Indonesia. Id. at 44. Petitioner appealed to the Board, which adopted the IJ's findings and conclusions. Id. at 3. Petitioner then brought the instant appeal.
 
 
 6
 The party applying for suspension of deportation "has the burden of proving both statutory eligibility for relief and the equities for a favorable exercise of discretion." Rivera-Zurita v. INS, 946 F.2d 118, 120 (10th Cir.1991). "The Board's factual finding that an alien is not statutorily eligible for [suspension of deportation] is reviewed for substantial evidence." Id. We review the Board's decision to deny suspension of deportation for abuse of discretion. 8 U.S.C. § 1254(a); see also INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981) (per curiam) (noting the considerable discretion vested in the Attorney General [delegated to the Board]; cf. Becerra-Jimenez, v. INS, 829 F.2d 996, 1002 (10th Cir.1987) (Board decision not to reopen deportation hearing can only be overturned if arbitrary, irrational, or contrary to law).
 
 
 7
 The parties have stipulated that, of the statutory requirements, only the "extreme hardship" question is at issue in this case. The Board has the authority to construe "extreme hardship" narrowly. Wang, 450 U.S. at 145; Michelson v. INS, 897 F.2d 465, 469 (10th Cir.1990). They have done so in the Anderson decision, which directs that economic hardship alone is not sufficient to justify suspension of deportation; economic hardship must be accompanied by other factors which would combine to inflict "extreme hardship," such as old age, poor health, or family ties in the United States. Matter of Anderson, 16 I. & N.Dec. 596, 598 (BIA1978); see also Michelson, 897 F.2d at 469 ("It is well settled that economic detriment alone is insufficient to satisfy the extreme hardship requirement.").
 
 
 8
 Petitioner attempted to satisfy the Anderson test with voluminous evidence supporting the social and family connections she has developed during the last twelve years in the United States. Two affidavits in support of her petition imply that she might be socially ostracized in Indonesia upon her return because of her marriage and divorce from an American. She submitted that she will not be able to communicate easily in the Indonesian language after such a long absence. The Board and the IJ considered the evidence, but also pointed out her youth and good health and noted that she left Indonesia in her teens rather than as a young child, buttressing her proficiency with the Indonesian language. The Board found that the psychological and sociological factors submitted by petitioner, even in combination with the poor economic conditions in Indonesia, did not indicate that petitioner's deportation would result in the "degree of hardship that § 244(a)(1) was designed to alleviate." R. at 4.
 
 
 9
 The scope of our review of this case is very limited. The Board's decision is based on statute, case law, and administrative precedent, after review of the evidence and accompanied by explanation of its findings. Having concluded that substantial evidence supports the Board's decision that petitioner failed to prove extreme hardship, a statutory eligibility requirement, we AFFIRM the denial of petitioner's petition for suspension of deportation. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precendential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 1254(a)(1) provides in pertinent part that "the Attorney General may, in his discretion, suspend deportation" if the applicant for such suspension "is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien...." 8 U.S.C. § 1254(a)(1)