986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chad Dwayne CAMILLERI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9514.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 1
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE A. BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Chad Dwayne Camilleri petitions this court for review of the decision of an immigration judge (IJ), affirmed on appeal by the Board of Immigration Appeals (BIA), denying him voluntary departure in lieu of deportation under the Immigration and Nationality Act, 8 U.S.C. § 1254(e).
 
 
 6
 Petitioner is a twenty-seven year old native of Canada, who initially entered the United States in 1985, as a visitor. Following his marriage to a United States citizen in 1988, he filed an application for permanent residence based on his marriage. On his application, petitioner stated that he had last entered the United States in 1985, and admitted that he had been convicted of theft in Canada in 1981. At his permanent residency interview, it became apparent that petitioner had been less than truthful regarding the date of his last entry into the country and his previous criminal record. In actuality, petitioner's Canadian conviction record indicated, in addition to the 1981 theft conviction, he had been convicted of escape from custody in 1982, trafficking in narcotics in 1982, public mischief in 1984, and being in a dwelling house unlawfully in 1985. In addition, it was revealed that petitioner last entered the country without inspection in 1989.
 
 
 7
 After petitioner was confronted regarding the inconsistencies in the information on his application, his interview answers, and the examiner's information, petitioner admitted to numerous traffic violations in the United States, three drug convictions in Canada, and that, after being refused entry at one port in 1989, he entered the United States illegally at a different port. Consequently, his application to obtain permanent resident status was denied, and petitioner was subjected to deportation proceedings.
 
 
 8
 At his deportation hearing, petitioner conceded his deportability as an alien excludable for a prior conviction of a drug related offense, 8 U.S.C. § 1251(a)(1), and as an alien remaining in the United States longer than permitted, 8 U.S.C. § 1251(a)(2), but requested that he be allowed voluntary departure in lieu of deportation.[1] Petitioner argued that, although he had been a rebellious youth, he is now a reformed person with a wife and child, and that his wife's illness,[2] his work record, and his history of volunteer projects outweigh the adverse factors of his criminal convictions, his disregard for the truth, and his disregard for the immigration laws of this country. The IJ did not agree and neither do we. The BIA's affirming decision states:
 
 
 9
 Even viewing [petitioner's] misstatements and subsequent recantation in the most favorable light, this evidence, coupled with the [petitioner's] prior convictions and multiple illegal entries into the United States constitutes a weighty negative factor in the exercise of discretion. While we are cognizant of the attendant burden on his United States citizen spouse and regard with approval the [petitioner's] efforts in garnering support for amateur athletes in this country, we are unable to conclude from the evidence in the record that the immigration judge abused in any way his discretion in denying the [petitioner's] application for voluntary departure in lieu of deportation.
 
 
 10
 Cert.Admin.R. at 6.
 
 
 11
 "The granting of the privilege of voluntary departure to an alien in lieu of deportation is a matter of discretion with the attorney general." Becerra-Jimenez v. INS, 829 F.2d 996, 999 (10th Cir.1987). The IJ determined that petitioner was statutorily eligible for voluntary departure, but denied his request as a matter of discretion. We review this denial to determine whether the discretion of the attorney general was exercised in an arbitrary and capricious manner. Id. We have thoroughly reviewed the record in this case, and applying the above standards to the facts as presented, we conclude that the denial of voluntary departure in lieu of deportation was not an abuse of discretion.
 
 
 12
 Petitioner's arguments regarding the circumstances of the permanent residency hearing were not before the IJ and will not be considered on review. See 8 U.S.C. § 1105a(c); Romero-Carmona v. INS, 725 F.2d 104, 105-06 (10th Cir.1984) (failure to exhaust administrative remedies as to a question divests the appellate court of jurisdiction to hear that question). In his BIA appeal, petitioner claimed that the IJ should have considered his imminent eligibility for suspension of deportation in the exercise of discretion. However, it appears that petitioner abandoned this argument on appeal. See Snell v. Tunnell, 920 F.2d 673, 676 (10th Cir.1990) (appellate court will not consider nonjurisdictional issue not raised on appeal), cert. denied, 111 S.Ct. 1622 (1991).
 
 
 13
 Accordingly, the decision of the Board of Immigration Appeals is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Immigration and Nationality Act, 8 U.S.C. § 1254(e), states in part:
 [T]he Attorney General may, in his discretion, permit any alien under deportation proceedings, ... to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection.
 
 
 [2]
 Petitioner's wife suffers from morphea, a chronic skin disease, for which she is under the care of a specialist in Utah