39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Agustin CERVANTES-RAMIREZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9581.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, McKAY, and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Agustin Cervantes-Ramirez seeks review of a decision of the Board of Immigration Appeals (Board) denying his application for a discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. 1182(c). We have jurisdiction under 8 U.S.C. 1105a(a) and deny the petition for review.
 
 
 3
 Mr. Cervantes is a permanent resident of the United States, coming to this country from Mexico in 1973, when he was twenty-eight years old. In 1991, he was convicted of possession with intent to distribute cocaine and was sentenced to a prison term of seventy-eight months. In 1992, the Immigration and Naturalization Service (INS) charged Mr. Cervantes with deportability pursuant to section 241(a)(2)(B)(1) of the INA, (alien convicted of violating a controlled substance law), and section 241(a)(2)(A)(iii), (alien convicted of an aggravated felony). Mr. Cervantes conceded his deportability. See 8 U.S.C. 1251(a)(2)(A)(iii), (B)(1). An immigration judge denied Mr. Cervantes' application for a section 212(c) waiver of deportation and the Board affirmed.
 
 
 4
 Section 212(c) provides: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General...." 8 U.S.C. 1182(c). Although this provision seems to apply only to exclusion proceedings, "it has uniformly been found applicable to deportation proceedings as well." Nunez-Pena v. INS, 956 F.2d 223, 224 n. 3 (10th Cir.1992).
 
 
 5
 When faced with a section 212(c) application for waiver of deportation, the Board "exercises its discretion ... by 'balanc[ing] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf.' " Id. at 225 (quoting In re Marin, 16 I. & N. Dec. 581, 584 (BIA 1978)(alteration in original)). If the applicant "has engaged in serious criminal conduct, such as drug trafficking, the [Board] requires the applicant to 'introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities.' " Id. (quoting In re Buscemi, 19 I. & N. Dec. 628, 633 (BIA 1988)).
 
 
 6
 This court "review[s] the [Board's] balancing of the equities for 212(c) relief for abuse of discretion." Id. at 226. We will uphold the denial of section 212(c) relief " 'unless it was made without a rational[ ] explanation, inexplicably departed from established policies, or rested on an impermissible basis.' " Id. (quoting Joseph v. INS, 909 F.2d 605, 607 (1st Cir.1990)(further citation omitted)).
 
 
 7
 Mr. Cervantes argues that the Board failed to consider evidence of his business and property ties and his employment history. Affirming the denial of Mr. Cervantes' section 212(c) application, the Board recited the numerous factors favorable to a section 212(c) applicant, specifically noting the importance of an applicant's employment history and business and property ties. It then recognized that Mr. Cervantes had been steadily employed and had owned property and a small business. Mr. Cervantes argues that the Board's passing reference to these facts is insufficient under Turri v. Immigration & Naturalization Service, 997 F.2d 1306 (10th Cir.1993), to demonstrate that it "actually considered" all of the relevant evidence.
 
 
 8
 In Turri, this circuit held that the Board's laundry list of potentially relevant factors and its blanket statement that it had " 'carefully reviewed the record ... and ... concluded that all the factors presented, considered in their entirety, do not constitute extreme hardship' " were insufficient to show that it actually considered the voluminous evidence relevant to Mr. Cervantes' business and position in the community. Id. at 1310-11. Contrary to Mr. Cervantes' suggestion, Turri does not require a protracted discussion of the evidence of relevant factors. Instead, it requires only that the Board "announce its decision in terms sufficient for us, as the reviewing court, to see that the Board 'heard, considered, and decided' based on all the relevant factors." Id. at 1310 (quoting Becerra-Jimenez v. INS, 829 F.2d 996, 1000 (10th Cir.1987)(further quotation omitted)).
 
 
 9
 In this case, the Board did not simply recite a laundry list of potentially relevant factors. It went on to recognize Mr. Cervantes' evidence on each factor. Although the Board could have discussed Mr. Cervantes' employment history, and business and property ties in more detail, its brief reference to the evidence was sufficient for this court to see that the Board " 'heard, considered, and decided' based on all the relevant factors." Id.
 
 
 10
 Next, Mr. Cervantes argues that the Board failed to assess his conduct underlying his conviction and offer a reasoned explanation why the conviction outweighed favorable factors. The Board's decision shows that it considered the particular circumstances of Mr. Cervantes' offense. Three times, the Board emphasized that Mr. Cervantes had tried to sell over three kilograms of cocaine. Contrary to Mr. Cervantes' suggestion, the Board's general observations about the serious nature of drug crimes and the harmful effect of drugs do not show that the Board categorically denied his application based on his drug-related crime. The Board made those observations to support its conclusion that Mr. Cervantes committed a serious drug offense. Such an offense, the Board explained, required Mr. Cervantes to "demonstrate unusual or outstanding equities before discretion may be exercised in his favor." Petitioner's App. at 7.
 
 
 11
 The Board proceeded to weigh Mr. Cervantes' serious crime against the equities in his favor, which included his community service, his exemplary behavior in prison, and his long residence in the United States. This court cannot reweigh the relevant factors. Nunez-Pena, 956 F.2d at 226 ("Congress has entrusted to the Attorney General, not the courts, the responsibility for weighing the favorable and unfavorable factors."). The Board considered the relevant factors and provided a rational explanation for its decision.
 
 
 12
 Finally, Mr. Cervantes argues that the Board improperly weighed the evidence of his rehabilitation, giving undue emphasis to the seriousness of his crime. We have already rejected Mr. Cervantes' argument that the Board categorically denied section 212 relief based on Mr. Cervantes' serious drug crime. The Board's explanation that it was not persuaded by Mr. Cervantes' evidence of rehabilitation belies Mr. Cervantes' suggestion that the Board overlooked evidence indicative of rehabilitation. The Board recognized Mr. Cervantes' praiseworthy conduct in prison and noted that Mr. Cervantes admitted culpability for his crime. It ultimately concluded, though, that Mr. Cervantes' efforts were insufficient to establish rehabilitation in light of Mr. Cervantes' deliberately prepared criminal scheme. We recognize that Mr. Cervantes' story is a sad one, and that his involvement in the drug distribution was a tragic mistake. However, we are unable to conclude that the Board's explanation is unreasonable or that the Board's decision rested on an impermissible basis.
 
 
 13
 The petition for review is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470