72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rogieh Farah SIRMANSHAHI, Sepandan Farnia, Farbod Farnia, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 NO. 95-9510.
 United States Court of Appeals, Tenth Circuit.
 Dec. 6, 1995.
 
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 BRISCOE, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioners Rogieh Farah Sirmanshahi, Sepandan Farnia, and Farbod Farnia seek review of a decision by the Board of Immigration Appeals (Board) affirming the immigration judge's (IJ) denial of their requests for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.
 
 
 3
 Ms. Sirmanshahi and her children, Sepandan and Farbod, are citizens of Iran. They entered the United States in January 1985, and have overstayed their visas. During deportation proceedings, petitioners conceded deportability, but requested relief in the form of asylum or withholding of deportation. After a hearing, the IJ denied relief, finding Ms. Sirmanshahi's testimony incredible, and determining that petitioners failed to demonstrate either a well-founded fear of persecution or a clear probability of persecution if they returned to Iran.
 
 
 4
 On appeal, the Board rejected the IJ's credibility determination, but affirmed the IJ's decision on the ground that petitioners did not meet their burden of showing a well-founded fear of persecution or a clear probability of persecution if they returned to Iran. This petition for review followed.
 
 
 5
 "An alien facing deportation who fears persecution if deported has two avenues of relief: asylum and withholding of deportation." Rezai v. INS, 62 F.3d 1286, 1288 (10th Cir.1995). "[A] grant of asylum requires two steps." Kapcia v. INS, 944 F.2d 702, 706 (10th Cir.1991). The alien must first establish that he or she is eligible for refugee status by presenting specific facts showing either past persecution or a genuine and reasonable fear of future persecution " 'on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Id. at 706 (quoting 8 U.S.C. 1101(a)(42)). Upon demonstrating refugee status, the alien must then show that a favorable exercise of discretion is warranted. Id. at 708.
 
 
 6
 We review the Board's determination of refugee status under a substantial evidence standard. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)("The BIA's determination that [the alien] was not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' ") (quoting 8 U.S.C. 1105a(a)(4)). We may reverse only if the evidence compels the conclusion that petitioners have a well-founded fear of persecution. Id. at 481 n. 1; Sadeghi v. INS, 40 F.3d 1139, 1142 (10th Cir.1994).
 
 
 7
 Here, Ms. Sirmanshahi alleges that she and her children have a reasonable fear of future persecution based on (1) the execution of her husband for participating in an anti-Khomeini rally in January 1981, (2) a recent inquiry by the Iranian Revolutionary Guards as to her whereabouts, and (3) public statements made by her siblings upon being granted asylum in several countries. She argues that her husband's political beliefs will be imputed to her, and that she will be persecuted for these beliefs.
 
 
 8
 We conclude that the Board's determination is supported by substantial evidence. Ms. Sirmanshahi's political activities in Iran were not significant, and she testified that no one knew of them. R. at 104-05. The Iranian government never learned the identity of her husband and, in fact, thought he was the leader of a Kurdish sect. Id. at 88-89. The fact that the revolutionary guards have since inquired as to the whereabouts of Ms. Sirmanshahi's husband demonstrates their lack of knowledge regarding his execution. See id. at 92-93.
 
 
 9
 Ms. Sirmanshahi lived safely in Iran for approximately three years after her husband's execution, without adverse action by the Iranian government. See id. at 112, 128. In 1984, she was able to renew her passport and obtain an exit visa without trouble, and was permitted to leave the country. Id. at 90-91, 105-06. When she left Iran, she did not intend to seek asylum in any country, and told the United States consulate that she simply wished to visit her sister. Id. at 107, 122. Her parents, sisters, and husband's parents continue to live in Iran without persecution. Id. at 104, 113-14. The fact that the revolutionary guards have inquired as to Ms. Sirmanshahi's whereabouts, without more, does not demonstrate that they are seeking to persecute her for her political beliefs. See Hadjimehdigholi v. INS, 49 F.3d 642, 648 (10th Cir.1995). Petitioners' evidence does not compel reversal of the Board's asylum determination.
 
 
 10
 This conclusion is fatal to petitioners' arguments regarding their entitlement to withholding of deportation as well. "To obtain such relief, the burden is on the alien to establish a clear probability of persecution." Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir.1994)(quotations omitted). As petitioners failed to establish their statutory eligibility for a grant of asylum, it is clear they did not meet the tougher standard required for withholding of deportation. Id.
 
 
 11
 Petitioners argue that the Board's failure to mention certain evidence demonstrates that such evidence was not considered on appeal. We note that it is unnecessary for the Board to specifically address each piece of evidence encompassed in its review. Hadjimehdigholi, 49 F.3d at 648 n. 2. "Although the BIA is required to provide more than just 'conclusory statements, all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided.' " Id. (quoting Becerra-Jimenez v. INS, 829 F.2d 996, 1000 (10th Cir.1987)). We are satisfied that the Board made an adequately thorough inquiry.
 
 
 12
 Finally, petitioners argue that the Board denied them a fair hearing by taking administrative notice of internal security measures in Iran. After reviewing the Board's decision, we do not agree that its statement regarding the ease with which Ms. Sirmanshahi could have been located constituted the taking of administrative notice. Therefore, there was no violation of petitioners' due process rights.
 
 
 13
 The decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470