# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2022

Lyle W. Cayce
Clerk

No. 20-60581
Summary Calendar

Maria Garcia-Gonzalez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 364 468

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Maria Garcia-Gonzalez, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60581

We review the BIA's factual findings for substantial evidence and its legal determinations de novo, considering the immigration judge's decision to the extent it influenced the BIA. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001); *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Under the substantial evidence standard, we can only overturn a factual finding if the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

Garcia-Gonzalez argues that the BIA erred by concluding that she does not qualify for asylum. To qualify for asylum, an applicant must establish that she "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [her home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see id.* § 1158(b)(1)(A). Garcia-Gonzalez seeks asylum on account of her partner's domestic abuse. Asylum applicants seeking to establish persecution based on violent conduct of a private actor must show that their "government is unable or unwilling to control" that private actor. *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *see also Shehu v. Gonzales*, 443 F.3d 435, 437 (5th Cir. 2006); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 233 (5th Cir. 2019). The BIA found that Garcia-Gonzalez did not demonstrate that the Salvadoran authorities were unable or unwilling to control her abusive partner. Given that the record indicates that Salvadoran police arrested and detained Garcia-Gonzalez's partner for a month after they received a report of his abuse, we cannot say that the evidence compels a contrary finding. Accordingly, substantial

No. 20-60581

evidence supports the BIA's determination that Garcia-Gonzalez is not eligible for asylum.[1]

Garcia-Gonzalez next argues that the BIA abused its discretion by failing to fully analyze her withholding of removal claim. However, the BIA "does not have to 'write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (quoting *Becerra–Jimenez v. INS*, 829 F.2d 996, 1000 (10th Cir. 1987)). In this case, the BIA correctly concluded that because Garcia-Gonzalez "did not meet her burden of proof for asylum, it follows that she cannot meet the higher standard for withholding of removal." *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) ("An applicant 'who has failed to establish the less stringent "well-founded fear" standard of proof required for asylum relief is necessarily also unable to establish an entitlement to withholding of removal.'" (quoting *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008))).[2] Because further analysis was unnecessary, the BIA did not abuse its discretion by declining to analyze Garcia-Gonzalez's withholding of removal claim further.

Finally, Garcia-Gonzalez argues that the BIA erred by affirming the IJ's finding that she is ineligible for protection under the CAT. An applicant

---

[1] Because Garcia-Gonzales does not qualify for asylum for this reason alone, we do not review the BIA's alternative grounds for denying her asylum.

[2] Garcia-Gonzalez argues that applicants for withholding of removal have a lower burden of proof for showing a "nexus" between their protected characteristic and their persecution. However, the BIA did not make a nexus determination when it concluded that Garcia-Gonzalez is not eligible for asylum and withholding of removal. Because the burden of proof for showing a nexus between persecution and a protected characteristic is not at issue in this case, we do not address this argument.

for CAT protection must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). Further, the CAT "requires 'a public official' or 'person acting in a public capacity' to 'inflict,' 'acquiesce,' or 'give consent' to the torture." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006). The BIA agreed with the IJ's finding that Garcia-Gonzalez has not shown that a public official will acquiesce in her torture. Though the documentary evidence Garcia-Gonzalez submitted regarding domestic violence in Central America weighs against this finding, we cannot say that it compels a contrary result, especially given that, as stated above, Salvadoran police arrested and detained Garcia-Gonzalez's partner for a month after they received a report of his abuse. Accordingly, substantial evidence supports the BIA's determination that Garcia-Gonzalez is not entitled to relief under the CAT.

For the foregoing reasons, the petition for review is DENIED.