77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kayode Adewale TAYO, Petitioner,
v.
IMMIGRATION & NATURALIZATION, Respondent.
 No. 95-9517.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Judge.
 
 
 1
 Mr. Kayode Adewale Tayo petitions for review of an order denying suspension of deportation under 8 U.S.C. 1254(a)(1), and moves to remand to the Board of Immigration Appeals to reopen based on allegations of ineffective assistance of counsel in the proceedings below. We remand to allow the BIA to determine the merits of the petitioner's claim of ineffective assistance.
 
 Background
 
 2
 Mr. Tayo is a thirty-five year-old native of Nigeria who came to this country as a student in 1982. He married a United States citizen, and the Immigration and Naturalization Service granted him conditional resident status in 1988. He obtained a divorce, then married another United States citizen. Apparently because of questions concerning the validity of the second marriage, the INS revoked his conditional resident status on August 30, 1991. A few weeks later, the INS began deportation proceedings. Mr. Tayo sought suspension of deportation under 8 U.S.C. 1254(a), which is available to an alien who can show that he or she has been in the United States for the past seven years, that he or she has been a person of good moral character, and that either the alien or designated family members would suffer "extreme hardship" on account of the deportation.
 
 
 3
 Mr. Tayo built his "extreme hardship" case on the fact that he is almost completely deaf. Despite his disability, he managed to complete school in Nigeria and then to attend college, first in India and then in Utah. At the time of the hearing he was completing a degree at Weber State University in preparation for a career as a computer-assisted machinist. However, he testified that he expected to have extreme difficulty in finding any kind of job in Nigeria because of the dearth of medical facilities to assist with his deafness and the limited employment opportunities available to the disabled in that country. He submitted a letter from a hearing specialist who indicated that Mr. Tayo's hearing aid needed regular maintenance, but who could not say whether such maintenance was available in Nigeria. Mr. Tayo presented no other evidence to support his contentions as to conditions in Nigeria.
 
 
 4
 The immigration judge found that Mr. Tayo had fulfilled the continuous presence and character requirements, but had failed to demonstrate extreme hardship. The immigration judge based his decision largely on Mr. Tayo's failure to present "competent" or "objective" evidence that his career opportunities would be limited in Nigeria. The judge noted that Mr. Tayo is the son of a former government official and concluded that Mr. Tayo's predictions of indigency were not credible.
 
 
 5
 Mr. Tayo then appealed to the Board of Immigration Appeals. He submitted a letter from his father in Nigeria that corroborated his testimony regarding the adverse economic and medical conditions he would face in Nigeria. The BIA determined that the letter was not admissible because it was not shown to have been unavailable at the time of the hearing and because it did not support a prima facie showing of eligibility for the relief Mr. Tayo sought. On the basis of the record and reasoning from the hearing below, the BIA affirmed the immigration judge's order. Mr. Tayo then retained new counsel and petitioned this court for review under 8 U.S.C. 1105a, which allows review of final deportation orders. His sole contention was that the immigration judge's decision considered only Mr. Tayo's economic outlook and ignored the medical hardship that Mr. Tayo would suffer if deported.
 
 
 6
 While the petition was pending, Mr. Tayo also moved for a remand to consider additional material evidence which he alleged was not previously presented because of ineffective assistance of counsel. Specifically, Mr. Tayo seeks to submit two affidavits: one from an ear specialist in Nigeria attesting to the inadequacy of Nigerian medical services for the hearing-impaired and the impossibility of maintaining Mr. Tayo's hearing aid in that country; and one from a political science professor in the United States outlining the allegedly dismal economic and social conditions suffered by the disabled in Nigeria, even by those with academic degrees.
 
 Discussion
 
 7
 We review the BIA's decision for abuse of discretion. Turri v. INS, 997 F.2d 1306, 1308-09 (10th Cir.1993). Here, the evidence--more specifically the lack thereof--amply supported a conclusion that Mr. Tayo had failed to establish extreme economic hardship. As the BIA concluded, the evidence presented at the hearing demonstrated that Mr. Tayo's prospects in Nigeria were at most "uncertain."
 
 
 8
 Nor do we accept Mr. Tayo's contention that the immigration judge failed to consider the medical as well as the economic consequences of deportation. The immigration judge made findings, adopted by the BIA, as to the extent of Mr. Tayo's hearing loss. The fact that the final hardship determination emphasizes economic factors rather than medical ones is unsurprising given Mr. Tayo's failure to offer anything more than his own speculation as to the deficiencies of the Nigerian health care system. There is no reason to conclude from such emphasis that the decision below ignored the evidence actually proffered. See Osuchukwu v. INS, 744 F.2d 1136, 1142-43 (5th Cir.1984).
 
 
 9
 Mr. Tayo argues in the alternative that his case should be remanded for consideration of his newly-acquired evidence. Under 28 U.S.C. 2347(c), a party may apply to the court of appeals in which an administrative proceeding is pending for leave to adduce additional evidence, provided that the party demonstrates the materiality of the evidence and reasonable grounds for failure to adduce the evidence before the agency. This circuit has construed 2347(c) to be available to aliens petitioning for review of a final order of deportation. See Becerra-Jimenez v. INS, 829 F.2d 996, 1000 (10th Cir.1987).
 
 
 10
 We will not adjudicate de novo the merits of Mr. Tayo's motion to reopen. Even though this circuit has taken a more liberal approach to 2347(c) motions than have some other circuits, compare id. (court may remand based on deportee' § 2347(c) motion) with Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir.1983) (court may not remand), such motions must not allow courts to encroach on decisions properly left to the sound discretion of the INS. Unlike the petitioner in Becerra-Jimenez, 829 F.2d at 998, Mr. Tayo did not file a motion to reopen with the BIA. If he had, we would leave the merits of his motion to the agency, and would review the agency's decision only for abuse of discretion. See id. There is no reason to let his failure to file such a motion dictate a different standard. We will therefore review Mr. Tayo's motion only to determine whether his new evidence justifies a remand to the agency.[2]
 
 
 11
 We turn first to the question of materiality. The professor's affidavit on economic conditions for the disabled in Nigeria appears to be the kind of "objective evidence" that the immigration judge found lacking in the proceeding below, and is therefore material. The Nigerian medical specialist's affidavit also appears to be material. A person suffering from a disability does not demonstrate extreme hardship unless he can show that deportation will endanger his health, and that the facilities in the country of deportation are inadequate to treat his disease or condition. Hamid v. INS, 648 F.2d 635, 637 (9th Cir.1981). Here, the specialist's affidavit provides specific information about the unavailability of service for Mr. Tayo's hearing aid and general information about the lack of medical services for the deaf in Nigeria. In the light of the immigration judge's finding that Mr. Tayo's hearing aid gives him "considerable assistance," the specialist's affidavit allows the conclusion that deportation will significantly exacerbate Mr. Tayo's medical condition. For the purposes of our remand inquiry, Mr. Tayo's newly acquired evidence is material.
 
 
 12
 Not only must evidence warranting reopening be material, but there must have been reasonable grounds for failing to adduce the evidence before the agency. 28 U.S.C. 2347(c). Here Mr. Tayo asserts that the affidavits he wishes to present were unavailable because his previous counsel did not tell him they were necessary. Affidavit of Kayode Tayo at 2. Essentially, he seeks to establish this unavailability by showing ineffective assistance of counsel.
 
 
 13
 We are mindful that motions to reopen are "disfavored," INS v. Abudu, 485 U.S. 94, 107 (1988), and can easily become a way for the deportable alien simply to buy more time in this country. However, the record and Mr. Tayo's affidavit raise enough doubt about the effectiveness of counsel that a remand is justified. If extreme hardship is to be established at all in this case, it will be established through credible, objective evidence as to the economic and medical conditions awaiting Mr. Tayo in Nigeria. The failure to seek such evidence transformed Mr. Tayo's case from a possible winner to a sure loser. As the immigration judge noted, "[i]f respondent could produce competent evidence to show that his career opportunities would be extremely limited in Nigeria due to his handicap, he might well meet the requirment [sic] of extreme hardship." Decision of the Immigration Judge at 3.
 
 
 14
 Furthermore, as noted above, a deportee seeking suspension on the grounds of medical hardship must show the inadequacy of the medical facilities in the country to which he is being deported. Hamid, 648 F.2d at 637. Objective evidence on the state of Nigerian health care was therefore the difference between a case that might have been prima facie on the medical hardship issue and one that was surely not. We conclude for purposes of Mr. Tayo's motion to remand that the failure to attempt to procure such evidence may have constituted ineffective assistance of counsel. Therefore, remand is appropriate.
 
 
 15
 We are unable to determine from the record before us whether Mr. Tayo has met the BIA's evidentiary requirements for ineffective assistance of counsel. See Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988) (explaining requirements), petition for review denied, 857 F.2d 10 (1st Cir.1988). Mr. Tayo contends that these requirements are not central to the effectiveness inquiry. See Esposito v. INS, 987 F.2d 108, 111 (2d Cir.1993) (conducting independent analysis of effectiveness of counsel). Be that as it may, a 2347(c) motion should not be a vehicle to circumvent them. Cf. id. at 110 (concluding that all evidentiary requirements had been met). We will therefore remand this case to the BIA to consider de novo the merits of reopening Mr. Tayo's case. It shall allow Mr. Tayo, if he has not already done so, an opportunity to comply with the appropriate evidentiary requirements for showing ineffective assistance of counsel.
 
 
 16
 Accordingly, we DENY the petition for review, and AFFIRM the BIA's order. However, we also REMAND the case for proceedings consistent with this opinion. Finally, we STAY the order of deportation for such further time as is necessary for proceedings consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 If it were apparent at this point that a refusal to reopen would constitute an abuse of discretion, it would be pointless to "launch this case on a lengthy procedural voyage to reach that decision." Coriolan v. INS, 559 F.2d 993, 1004 (5th Cir.1977). In that event it could be appropriate simply to remand with instructions to reopen. See id. However, as set forth below, the record does justify such relief here