**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JUAN ANTONIO LOPEZ-GONZALEZ,

 Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

 Respondent.

Nos. 17-9507 & 17-9533
(Petitions for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BALDOCK**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

 Juan Antonio Lopez-Gonzalez petitions the court to review two orders by the

Board of Immigration Appeals (BIA). We dismiss his petition to review the BIA's

removal order for lack of jurisdiction, and we dismiss in part and deny in part his

petition to review the BIA's order denying reconsideration and reopening.

_____

 [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

**I. Background**

Lopez is a Mexican citizen who first entered the United States in 1986 and has been a lawful permanent resident since 1992. In late 1993 or early 1994, when Lopez was 15 years old, he committed a heinous offense. According to Lopez, his girlfriend became pregnant and gave birth in a public bathroom. She encouraged Lopez to get rid of the baby, so he killed it by backing over it with a truck.

To his credit, Lopez later confessed to his religious leaders and parents, and brought the crime to the attention of police. In 1996, he pled guilty to child abuse causing death and was sentenced to ten years in prison, suspended on the condition that he serve four years in the county jail and five years on probation.

In 2012, more than a decade after Lopez completed his sentence, the Department of Homeland Security (DHS) began removal proceedings. An immigration judge (IJ) found Lopez to be removable under 8 U.S.C. § 1227(a)(2)(A)(i) because his crime was one of moral turpitude, carried a sentence of more than a year, and was committed within five years after his 1992 admission to the United States. Nevertheless, the IJ later granted Lopez cancellation of removal under 8 U.S.C. § 1229b(a).[1] Despite the severity of the offense, the IJ exercised discretion in canceling removal because: 1) the crime occurred decades ago, 2) it may not have been discovered if Lopez had not come forward and confessed, 3) Lopez

---

[1] That section allows cancellation when an alien has been a lawful permanent resident for five years, has lived in the country continuously for seven years after admission, and has not been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a).

2

pled guilty and had successfully completed his sentence, 4) he had committed no crimes since (except minor traffic violations), 5) he was employed, and 6) his immediate family members were United States citizens.

On appeal by the DHS, the BIA vacated the IJ's decision and ordered Lopez removed from the country. It recognized the positive factors the IJ discussed, but concluded Lopez did not deserve a favorable exercise of discretion because he had committed such a serious offense. Lopez moved to reconsider and reopen the proceedings, but the BIA denied his request.

Lopez now petitions this court to review the BIA's order of removal and its subsequent order denying reconsideration and reopening.

## II. Removal Order

He challenges two aspects of the BIA's order of removal, claiming it:

- Reviewed the IJ's findings of fact de novo and engaged in its own factfinding, contrary to regulations governing its standard of review. *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv) (stating the BIA will review the IJ's findings of fact for clear error and "will not engage in factfinding in the course of deciding appeals").

- Misapplied its own precedent. Specifically, he says, it erred by relying on *In re Jean*, 23 I. & N. Dec. 373 (AG 2002), because that case involved a different form of relief (adjustment of status rather than cancellation of removal) and did not create a per se rule that relief cannot be granted when an alien's crime results in death.

As Lopez recognizes, we generally lack jurisdiction to review the BIA's discretionary decision to deny cancellation of removal under § 1229b(a), *see* 8 U.S.C. § 1252(a)(2)(B)(i); *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009).

3

However, we retain jurisdiction to review "constitutional claims or questions of law." § 1252(a)(2)(D).  According to Lopez, his claims fall within this exception.

According to Lopez, his claims "implicate[] his due process right," and he frames his argument in due process terms.  17-9507 Aplt. Opening Br. at 19, 22-23. We rejected a similar argument in *Arambula-Medina v. Holder*.  In that case, the petitioner argued the BIA's decision regarding cancellation of removal violated due process because, among other things, it failed to apply governing regulations or controlling BIA precedent.  *Arambula-Medina*, 572 F.3d at 828.  The petitioner's challenge failed to invoke due process; we explained:

> In order to make out a claim for a violation of due process, a claimant must have a liberty or property interest in the outcome of the proceedings.  But in immigration proceedings, a petitioner has no liberty or property interest in obtaining purely discretionary relief.  Because cancellation of removal is a form of discretionary relief, [a] petitioner cannot raise a due process challenge to the denial of his application for cancellation of removal.  Because aliens do not have a constitutional right to enter or remain in the United States, the only protections afforded are the minimal procedural due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner.

*Id*. (citations, alterations, and internal quotation marks omitted).  Lopez does not claim to have been denied a meaningful hearing, so he has not raised a constitutional claim under § 1252(a)(2)(D).

While it is unclear, Lopez may be claiming to have reviewable questions of law.  But that is a very narrow slice of the pie; we have said the term "'questions of law' refers to those issues that were historically reviewable on habeas—constitutional and statutory-construction questions, not discretionary or factual questions." *Diallo*

4

*v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (internal quotation marks omitted). And we have held that § 1252(a)(2)(D) grants "jurisdiction to review a narrow category of issues regarding statutory construction." *Id*. (internal quotation marks omitted). Since Lopez does not argue that his claims require statutory construction or that our jurisdiction under § 1252(a)(2)(D) is broader than we stated in *Diallo*, we are hard pressed to see any reviewable "constitutional claims or questions of law" within the meaning of § 1252(a)(2)(D).

That being so, we lack jurisdiction to review the BIA's discretionary decision to deny cancellation of removal. *See* § 1252(a)(2)(B)(i). Accordingly, Lopez's petition to review the BIA's removal order must be dismissed.

## III. Denial of Motion to Reconsider and Reopen

Lopez also says the BIA abused its discretion in not reconsidering its decision and reopening his case because: (1) new evidence supported cancellation of removal, (2) his former attorneys were ineffective, (3) he was eligible for re-adjustment of status and waiver of inadmissibility, and (4) he was entitled to protection under the Convention Against Torture (CAT). We lack jurisdiction to review some of his arguments and see no abuse of discretion in those we can review.

### A. Standard of Review and Relevant Law

The purpose of a motion to reconsider is to call the BIA's attention to errors of fact or law in its decision. *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 n.3 (10th Cir. 2005). In contrast, a motion to reopen seeks to present new evidence the petitioner could not have previously presented. *Id*. We review rulings on both motions for

5

abuse of discretion.  *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015) (motion to reconsider); *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (motion to reopen).

To merit reopening, an alien must bring new evidence that "would likely change the result in the case."  *Maatougui v. Holder*, 738 F.3d 1230, 1240 (10th Cir. 2013) (internal quotation marks omitted).  As relevant here, the BIA may deny a motion to reopen when the alien has not established a prima facie case for relief or, if the relief sought is discretionary, when the alien "would not be entitled to the discretionary grant of relief."  *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

We generally have jurisdiction to review the denial of a motion to reopen.  *See Infanzon*, 386 F.3d at 1361; *Kucana v. Holder*, 558 U.S. 233, 249 (2010) ("[Section] 1252(a)(2)(b)(ii) does not proscribe judicial review of denials of motions to reopen.").  But an alien cannot "indirectly obtain judicial review of a discretionary ruling that is not directly reviewable."  *Alzainati v. Holder*, 568 F.3d 844, 848 (10th Cir. 2009).  So when the BIA makes a discretionary decision to deny relief under one of the enumerated provisions in § 1252(a)(2)(B)(i) and later denies a motion to reopen because the alien has still not shown relief is warranted, we lack jurisdiction to review its decision.  *See Alzainati*, 568 F.3d at 849.  The only exception to this jurisdictional bar is for "constitutional claims or questions of law."  § 1252(a)(2)(D).

6

**B. New Evidence Supporting Cancellation of Removal**

Lopez asked the BIA to reconsider its ruling and reopen proceedings for further consideration of his request for cancellation of removal under 8 U.S.C. § 1229b(a). As in his petition to review the BIA's removal order, Lopez argued the BIA had engaged in improper factfinding and misapplied its own precedent. He also argued that his recent marriage to a United States citizen was new evidence supporting cancellation of removal. The BIA rejected these arguments. It saw no legal error in its ruling and concluded Lopez's marriage to a United States citizen did not entitle him to a favorable discretionary decision.

We lack jurisdiction to review this part of the BIA's decision. As we explained above, Lopez has not shown the BIA's rejection of his legal challenge presents a reviewable constitutional issue or question of law within the meaning of § 1252(a)(2)(D). Nor can we review the BIA's discretionary decision that, despite his marriage, Lopez had still not shown he warranted cancellation of removal under § 1229b(a). *See* § 1252(a)(2)(B)(i); *Alzainati*, 568 F.3d at 849.

Lopez also argues that, as a procedural matter, the BIA should have remanded the case so the IJ could consider his request for cancellation in light of the new evidence. He is not entitled to the extra process he seeks. The BIA has the ultimate authority to decide, as a matter of discretion, whether Lopez was entitled to the relief he sought, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and it could properly deny his request to reopen on this basis, *see Abudu*, 485 U.S. at 105 (the BIA may deny a motion to reopen when the relief sought is discretionary and the alien "would not be entitled to

7

the discretionary grant of relief"). Remand was not required. *See Wood v. Mukasey*, 516 F.3d 564, 569 (7th Cir. 2008) ("Provided the BIA can do so without additional fact-finding . . . we see no reason why it must avoid issues of discretion in an appeal because they were never reached by the IJ.").

**C. Ineffective Assistance of Counsel**

Lopez claims his former attorneys were ineffective because they failed to request voluntary departure as an alternate form of relief and failed to appeal the IJ's removability determination. The BIA did not abuse its discretion by rejecting the argument.

Although an alien has no Sixth Amendment right to counsel in removal proceedings, he has "a Fifth Amendment right to a fundamentally fair proceeding." *Tang v. Ashcroft*, 354 F.3d 1192, 1196 (10th Cir. 2003). To prove a Fifth Amendment violation based on ineffective assistance of counsel, an alien must show (1) his attorney's performance was deficient and (2) he was denied a fundamentally fair proceeding as a result. *Id.* To prove the second prong—prejudice—the alien must show there is a reasonable likelihood that, but for his attorney's errors, he would have obtained the relief he sought. *United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004) (en banc).

Assuming Lopez's attorneys should have pursued voluntary departure, the BIA concluded he failed to prove prejudice. Voluntary departure is a discretionary form of relief, and since the BIA had determined it was unwarranted, it concluded there

8

was no reasonable likelihood it would have been allowed even if his attorneys had made the request.

The BIA did not abuse its discretion. Voluntary departure is a privilege left to the attorney general's discretion. *Becerra-Jimenez v. INS*, 829 F.2d 996, 999 (10th Cir. 1987). This is true even when an alien is statutorily eligible for it. *See id.* All that is required is a rational explanation, which the BIA provided to Lopez. *See Infanzon*, 386 F.3d at 1362 ("The BIA abuses its discretion when its decision provides no rational explanation . . . .").

The BIA also rejected Lopez's argument that his prior attorneys should have appealed from the IJ's determination that he was removable under 8 U.S.C. § 1227(a)(2)(A)(i). Since the BIA agreed he was removable under that section, it concluded any failure to take an appeal on that issue did not result in prejudice to him. Here, Lopez claims he was not required to prove prejudice, but even if he was, he could have successfully appealed the IJ's decision. We disagree.

Citing *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042 (9th Cir. 2000), Lopez thinks he was not required to prove prejudice because his attorneys denied him the opportunity to appeal. The Ninth Circuit presumes prejudice when counsel's error entirely deprived an alien of an appellate proceeding. *Id.* at 1045. Assuming such a presumption is proper, it is rebuttable, and the Ninth Circuit has refused to find prejudice when the petitioner failed to show plausible grounds for relief on appeal. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003). Were we to

presume prejudice, Lopez would still be required to show how he could have succeeded on appeal.

An alien is removable under § 1227(a)(2)(A)(i) if he "is convicted of a crime involving moral turpitude committed within five years . . . after the date of admission, and" it is "a crime for which a sentence of one year or longer may be imposed." Lopez says a successful appeal could have been taken from the IJ's findings that (1) he was convicted of a crime involving moral turpitude and (2) he committed the crime within five years after his admission. Saying so is easy; carrying the day is not.

In his opening brief, Lopez argues his offense was "not necessarily or categorically a [crime involving moral turpitude] in this Circuit" and he "could have prevailed on his claim that the child abuse crime was not a [crime involving moral turpitude]."[2] 17-9533 Aplt. Opening Br. at 23-24 & n.9. But he does not now explain why—or even definitively state that—his offense was not a crime involving moral turpitude. Nor does the opening brief explain how he could have prevailed on that issue on appeal. He offers more detail in his reply brief, which goes far beyond his arguments to the BIA. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007) ("[W]e generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA."). Moreover, we generally refuse to consider

---

[2] Lopez made the same conclusory argument to the BIA. *See* 17-9533 R. Vol. 1 at 244-45 & n.12. And although he refers to the categorical approach, he does not specifically argue it applies.

10

arguments "raised for the first time in a reply brief." *McKenzie v. USCIS*, 761 F.3d 1149, 1154-55 (10th Cir. 2014). We see no reason to depart from customary practice in this case.

Lopez also contends he could have prevailed in an appeal from the IJ's finding that his offense occurred within five years after his admission. That is a tough row to hoe. According to the amended information and Lopez's plea agreement, he committed the offense sometime between December 1993 and February 1994. This was more than five years after Lopez was first admitted as a tourist in 1986. But the government presented a copy of an immigrant visa showing Lopez was admitted as a lawful permanent resident on June 10, 1992, and argued this was the relevant date of admission under *Matter of Alyazji*, 25 I. & N. Dec. 397 (BIA 2011). The IJ agreed and concluded Lopez committed his offense within five years after his 1992 admission.

In *Alyazji*, the BIA recognized "some aliens are admitted to the United States more than once during their lives." 25 I. & N. Dec. at 400. It determined that, for purposes of § 1227(a)(2)(A)(i), the relevant date of admission is not the date of the alien's first admission, but "the date of the admission by virtue of which the alien was present in the United States when he committed his crime." *Id.* at 406. As a precedential decision, both the IJ and BIA were bound to follow *Alyazji*. *See* 8 C.F.R. § 1003.1(g).

Lopez does not explain why his 1992 admission as a lawful permanent resident, which was his classification when he committed the offense, is not the

11

"admission pursuant to which he was then in the United States," *Alyazji*, 25 I. & N. Dec. at 406. As a result, he has not shown he could have successfully appealed the IJ's finding that he committed the offense within five years after his admission.

Because Lopez has not shown a reasonable likelihood of obtaining voluntary departure or any likelihood of success in an appeal from the IJ's removability determination, the BIA did not abuse its discretion by denying his motion to reopen based on ineffective assistance of counsel.

## D. Adjustment of Status and Waiver of Inadmissibility

Lopez argues the BIA erred by denying his motion to reopen for adjustment of status and waiver of inadmissibility, but we lack jurisdiction to review the BIA's discretionary decision that he was not entitled to these forms of relief.

Lopez sought to reopen so he could pursue adjustment of status under 8 U.S.C. § 1255(a) and waiver of inadmissibility under 8 U.S.C. § 1182(h). He argued he was now eligible for both forms of relief because he had married a United States citizen who filed a visa petition on his behalf. As the BIA recognized, adjustment of status and waiver of inadmissibility are discretionary forms of relief. *See Schroeck v. Gonzales*, 429 F.3d 947, 949 (10th Cir. 2005). It denied his request, stating "we already have determined that [Lopez] is not entitled to a favorable exercise of discretion, and the new evidence included in [his] motion is not sufficient to alter this conclusion." 17-9533 R. Vol. 1 at 4.

Lopez argues the BIA abused its discretion and denied him due process. He contends that, given the strength of his claim for adjustment and waiver, "under no

12

reasonable circumstance could the Board have reasonably concluded that [he] failed to present a prima facie case." 17-9533 Aplt. Opening Br. at 37 (emphasis omitted). But the BIA did not find that Lopez failed to establish a prima facie case—it concluded he did not warrant a favorable exercise of discretion. It does not appear that the BIA failed to consider the new evidence Lopez provided; we lack jurisdiction to review what was clearly the BIA's discretionary decision to deny relief under § 1255(a) and § 1182(h). *See* § 1252(a)(2)(B)(i); *cf. Alzainati*, 568 F.3d at 850 & n.7 (concluding "our jurisdiction to review the BIA's denial of [a] motion to reopen is constrained by § 1252(a)(2)(B)(i)," but leaving open whether we can review the denial of a motion to reopen on the ground that the new evidence would not warrant a favorable exercise of discretion when there has been no underlying discretionary decision denying relief).

Recognizing our jurisdiction to review "constitutional claims or questions of law," § 1252(a)(2)(D), Lopez frames his argument in terms of due process. But his claim is that the BIA improperly weighed the equities in his case. This is not a "constitutional claim capable of avoiding the jurisdictional bar." *Alzainati*, 568 F.3d at 850-51 ("[A]n alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." (internal quotation marks omitted)).

Lopez also claims the BIA's decision was based on an incorrect interpretation of *In re Jean*, 23 I. & N. Dec. 373 (AG 2002). But the BIA did not cite *Jean* during

13

its discussion of this issue, nor did it suggest the case governed its analysis. Nevertheless, Lopez argues the BIA "should have remanded [the] case to the IJ to take the first stab at applying *Jean*." 17-9533 Aplt. Opening Br. at 41. But as we explained above, remand was not required because the BIA had authority make the discretionary decision to deny relief, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and it could deny Lopez's motion to reopen on that basis, *see Abudu*, 485 U.S. at 105.

### E. Protection Under the CAT

Lopez also wanted to reopen so he could seek protection under the CAT. This protection is available when an alien shows he will more likely than not be tortured by, at the instigation of, or with the acquiescence of, a public official in the country of removal. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Karki v. Holder*, 715 F.3d 792, 806 (10th Cir. 2013). In support of his request, Lopez cited "the violence, killings, kidnappings, and police corruption that occur [in Mexico] on a daily basis." 17-9533 R. Vol. 1 at 258. He also claimed his uncles told him "people who return to Mexico from the United States are often specifically targeted and taken advantage of by extortionists and members of organized crime" and "there is no government control over these organized criminals." *Id*. The BIA concluded Lopez failed to establish prima facie eligibility for protection under the CAT because his "generalized information regarding conditions in Mexico" did not "show that he has a reasonable likelihood of establishing that it is more likely than not that he will face torture at the hands of or with the acquiescence of a public official." *Id*. at 5. It did not abuse its discretion.

14

An alien "demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *In re S-V-*, 22 I. & N. Dec. 1306, 1308 (BIA 2000), *overruled on other grounds by Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003). Lopez claims the Mexican government is unable to control organized crime, but "[a] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Mouawad v. Gonzales*, 485 F.3d 405, 413 (8th Cir. 2007) (internal quotation marks omitted). Rather, there must be evidence suggesting the government "would likely turn a blind eye to his torture," *Karki*, 715 F.3d at 807; *see Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005) ("[W]illful blindness suffices to prove acquiescence." (internal quotation marks omitted)). Lopez points to no such evidence.

In the absence of any evidence showing the Mexican government would acquiesce to his torture, Lopez failed to establish a prima facie case for relief under the CAT. The BIA did not abuse its discretion by refusing to reopen on this ground. *See Abudu*, 485 U.S. at 104 (the BIA may deny a motion to reopen when the alien has not established a prima facie case for the relief sought).

**IV. Conclusion**

We dismiss Lopez's petition to review the BIA's removal order for lack of jurisdiction. We dismiss in part and deny in part his petition to review the BIA's order denying reconsideration and reopening.

Entered for the Court


Terrence L. O'Brien
Circuit Judge