# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2019

Lyle W. Cayce
Clerk

No. 17-60728

MARIA ELIDA GONZALEZ-DIAZ,

     Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

     Respondent

Petition for Review of an order of the
Board of Immigration Appeals
BIA No. A097 904 325

Before STEWART, Chief Judge, SOUTHWICK and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Maria Gonzalez-Diaz was ordered removed in absentia in November 2004. In 2017, she filed a motion to reopen her removal proceedings because she had not received notice of the 2004 removal hearing. The immigration judge found she had received notice and denied the motion. The Board of Immigration Appeals affirmed. We DENY the petition for review.

---

    \* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60728

## FACTUAL AND PROCEDURAL HISTORY

Gonzalez-Diaz is a native and citizen of El Salvador who unlawfully entered the United States in December 2003. She was arrested by local law enforcement in Texas for failure to have identification and later released to Customs and Border Protection (CBP). CBP issued her a notice to appear (NTA) on October 4, 2004, charging her as removable for being "an alien present in the United States without being admitted or paroled" and ordering her to appear before an immigration judge (IJ) in Dallas at a date and time "to be set." Gonzalez-Diaz was then released with instructions to report to an immigration officer each month. She never did. About two and half weeks after her release, the immigration court sent Gonzalez-Diaz a notice of hearing (NOH) to the address listed on her NTA. The NOH instructed Gonzalez-Diaz to appear before an IJ on November 16, 2004. The NOH also indicated the time and address at which Gonzalez-Diaz needed to present herself. When Gonzalez-Diaz did not appear at the hearing, the IJ ordered her removed in absentia.

Over twelve years later, in January 2017, Gonzalez-Diaz once more encountered immigration authorities. Gonzalez-Diaz asserts it was only then she realized there was an outstanding removal order against her. She obtained counsel who in May 2017 filed a motion with the immigration court to reopen proceedings. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). Her argument was that she lacked notice of the November 2004 hearing because she did not receive the NOH. The IJ disagreed and denied the motion. The Board of Immigration Appeals (BIA or Board) affirmed. Gonzalez-Diaz now petitions this court for review.

2

No. 17-60728

DISCUSSION

"In reviewing the denial of a motion to reopen removal proceedings, we review the BIA's order and will evaluate the immigration judge's underlying decision only if it influenced the BIA's opinion." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 204 (5th Cir. 2017). We review the BIA's factual findings "under the substantial-evidence test" and we review its conclusions on questions of law *de novo*. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Ultimately, we "must affirm the BIA's decision [to deny a motion to reopen] as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," — that is, an abuse of discretion. *Id.*

Gonzalez-Diaz's primary contention is the BIA erred in finding she had notice of the November 2004 hearing. She had to be given notice in 2004 of "[t]he time and place at which the proceedings [would] be held." 8 U.S.C. § 1229(a)(1)(G)(i). The need is for "actual receipt of the required notice." *Gomez-Palacios*, 560 F.3d at 360. Even so, the "alien does not need to 'personally receive, read, and understand'" the NOH. *Nunez v. Sessions*, 882 F.3d 499, 506 (5th Cir. 2018) (quoting *In re G-Y-R-*, 23 I. & N. Dec. 181, 189 (B.I.A. 2001)). "[W]hen a NOH is served via certified mail, a strong presumption of effective service applies." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 149 (5th Cir. 2018). "If the NOH is instead served by regular mail, we still apply a presumption of effective delivery, but it is somewhat weaker." *Id.*

The IJ and BIA applied the weaker presumption. The Government asserts that level of presumption indeed applies. Gonzalez-Diaz argues no presumption should apply. She, however, did not raise this argument before the BIA, and we do not consider it. *See Omari v. Holder*, 562 F.3d 314, 321-23 (5th Cir. 2009) (discussing 8 U.S.C § 1252(d)).

3

No. 17-60728

We therefore assume the weaker presumption applies and move to the question of whether Gonzalez-Diaz has rebutted it. There is a "non-exhaustive list of factors" the BIA uses to determine if the "weaker presumption [is] rebutted." *Mauricio-Benitez*, 908 F.3d at 149-50 (citing *In re M-R-A*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008)). That list includes:

> (1) the [alien's] affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the [alien] had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the [alien's] motion of statutory eligibility for relief, indicating that the [alien] had an incentive to appear; (6) the [alien's] previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*In re M-R-A*, 24 I. & N. Dec. at 674.

Gonzalez-Diaz's circumstances are similar to ones we contemplated in *Mauricio-Benitez*, 908 F.3d at 149-51. There, the slight presumption of delivery arose, and the BIA concluded the alien did not rebut it because there was little evidence the NOH did not arrive at the alien's address. *Id.* at 150. It was also relevant that the alien demonstrated a disregard for his immigration process by not correcting an error in the address on his NTA, not advising the immigration court of a change in address, "or otherwise follow[ing] up on his immigration status for thirteen years." *Id.* at 151. The alien countered that an affidavit he submitted and his diligence in filing for reopening "soon after discovering the *in absentia* order" were enough. *Id.* at 150-51. We upheld the BIA's decision because it was "not 'irrational' or 'arbitrary.'" *Id.* at 151.

No. 17-60728

Gonzalez-Diaz similarly has little evidence the NOH was not correctly delivered. She did submit her own affidavit in addition to those of two witnesses who claim to have been living with her in 2004 and who state the NOH was never received at their home. The BIA permissibly discounted their weight by evaluating "the credibility of the statements" they contained in light of the time gap and lack of evidence that the two witnesses actually lived with Gonzalez-Diaz. *Id.* at 150. The BIA also "considered [the] permissible factor[] . . . the NOH was not returned undelivered." *Id.* Further, like Mauricio-Benitez, Gonzalez-Diaz showed little concern for her immigration proceedings in failing to report to an immigration officer despite her order of release instructing her to do so monthly and by waiting over a decade without "follow[ing] up on [her] immigration status." *Id.* at 151. She asserts she was eligible for relief in late 2004, and it is true she did come forward soon after purportedly learning of the removal order. The BIA's decision, nonetheless, was not irrational or arbitrary.[1]

Gonzalez-Diaz contends the Agency erred in other ways. She says she has been denied due process because she was ordered removed without notice of a hearing and because the IJ and BIA were not impartial in her proceedings to reopen. Due process claims are generally not subject to the exhaustion requirement of Section 1252(d), but an exception exists for "procedural errors

---

[1] Gonzalez-Diaz also argues the BIA erred by improperly considering certain evidence. For instance, she argues the BIA's discussion of her alleged eligibility for asylum and Temporary Protected Status was inadequate. "The Board does not have to 'write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (quoting *Becerra-Jimenez v. INS*, 829 F.2d 996, 1000 (10th Cir. 1987)). Gonzalez-Diaz also argues the BIA erroneously evaluated the "legality" of her November 2004 order of release. The BIA considered the order as part of its reasoning that Gonzalez-Diaz knew she should have reported to an immigration officer but did not. There are no indications the BIA did not adequately consider Gonzalez-Diaz's contentions or undertook "irrelevant" considerations.

that are correctable by the BIA." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). That is the sort of due process violation Gonzalez-Diaz contends to have suffered when she was initially ordered removed without notice of a hearing. Although she "raised [relevant questions] indirectly" in her discussion of whether she received notice of the hearing, she did not directly posit this due process claim before the BIA. *Id.* at 136-37. Regarding her second due process claim, "no liberty interest exists in a motion to reopen, and . . . due process claims are not cognizable in the context of reopening proceedings." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (alleged BIA due process violation on motion to reopen); *see also Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550-51 (5th Cir. 2006) (alleged IJ due process violation on motion to reopen).

Lastly, Gonzalez-Diaz argues the BIA should have followed one its regulations and referred her case to a three-member panel. *See* 8 C.F.R. § 1003.1(e)(5)-(e)(6). Although the BIA "had adequate mechanisms to address and remedy" this procedural option, Gonzalez-Diaz did not make the argument to the BIA. *Omari*, 562 F.3d at 323. We again have no jurisdiction to consider an issue she presents for the first time in her petition for review. *See id.*

The petition for review is DENIED.